## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
## WHITE PLAINS COURTHOUSE

| | |
|---|---|
| Aja Adeghe, individually and on behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>- against -<br><br>The Procter & Gamble Company,<br><br>                   Defendant | 7:22-cv-10025<br><br><br>Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. The Procter & Gamble Company ("Defendant") manufactures, labels and sells 2.72 liters of detergent marketed as sufficient for 64 loads of laundry under the Tide brand ("Product").

 

2. Though the number 64 grabs the purchaser's attention, a difficult-to-see white diamond follows the word "loads ◊."

3. Only if the container is turned around and the consumer navigates hundreds of words of varying size and fonts will they learn the amount of detergent is only sufficient for "◊[] approximately 64 loads as measured just below Bar 1 on cap."





4. The icon shows "just below Bar 1" corresponds to "Medium Loads," even though this is the smallest size listed, less than "large" (Bar 3) and "full" (Bar 5).

2

5. For the majority of Americans who do laundry in loads reasonably characterized as "full," they will only be able to get half as many, or 32 loads of laundry, from the Product when run at high efficiency ("he").

6. Representing the Product can provide 64 loads when these are the smallest size loads of laundry is misleading because consumers like Plaintiff expect transparency.

7. Defendant makes other representations and omissions with respect to the Product which are false and misleading.

8. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than $12.99 for 92 oz, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

## Jurisdiction and Venue

9. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

10. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

11. Plaintiff is a citizen of New York.

12. Defendant is an Ohio corporation with a principal place of business in Cincinnati, Ohio, Hamilton County.

13. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

14. The members of the class Plaintiff seeks to represent are more than 100, because the Product is sold with the representations described here in thousands of stores and online, in the

States Plaintiff seeks to represent.

15. Venue is in this District with assignment to the White Plains Courthouse because a substantial part of the events or omissions giving rise to these claims occurred in Westchester County, including Plaintiff's purchase, reliance on the identified statements, and subsequent awareness these were false and misleading.

Parties

16. Plaintiff Aja Adeghe is a citizen of New Rochelle, Westchester County, New York.

17. Defendant The Procter & Gamble Company is an Ohio corporation with a principal place of business in Cincinnati, Ohio, Hamilton County.

18. Defendant owns and controls the Tide brand of laundry detergents.

19. Plaintiff purchased the Product at stores including Shoprite, 8 Palmer Ave, New Rochelle, NY 10801 in 2021 and/or 2022, among other times.

20. Plaintiff read and relied on the number "64" on the front label which she understood referred to the number of loads of laundry she would be able to do from the Product.

21. Plaintiff did not notice the diamond next to the word "loads" which referred to the back label, and significantly qualified the 64 loads.

22. Plaintiff bought the Product at or exceeding the above-referenced price.

23. Plaintiff paid more for the Product than she would have had she known she would only be able to do 32 full loads of laundry from the Product, or would not have purchased it.

24. The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

25. Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes, requirements, features, and/or components.

Class Allegations

26. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **New York Class:** All persons in the State of New York who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Texas, South Dakota, Wyoming, Idaho, Alaska, Iowa, West Virginia, Arkansas, North Carolina, and Utah who purchased the Product during the statutes of limitations for each cause of action alleged.

27. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

28. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

29. Plaintiff is an adequate representative because her interests do not conflict with other members.

30. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

31. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

32. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

New York General Business Law ("GBL") §§ 349 and 350

33. Plaintiff incorporates by reference all preceding paragraphs.

34. Plaintiff saw and relied on the label which stated the Product could be used to do 64

loads of laundry at normal load size, not small loads, described on the label as "medium."

35.     Defendant's false, misleading, and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions, because value is important to consumers like Plaintiff.

36.     Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Violation of State Consumer Fraud Acts
(Consumer Fraud Multi-State Class)

37.     The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

38.     The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

39.     Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages.

Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose
and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

40.     The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that the Product could be used to do 64 loads of laundry at normal load size, not small loads, described on the label as "medium."

41.     Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions, and targeted digital advertising.

42. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet those needs and desires, such as the many Americans who seek value for their money.

43. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant it could be used to do 64 loads of laundry at normal load size, not small loads, described on the label as "medium."

44. Defendant's representations affirmed and promised that it could be used to do 64 loads of laundry at normal load size, not small loads, described on the label as "medium."

45. Defendant described the Product so Plaintiff believed it could be used to do 64 loads of laundry at normal load size, not small loads, described on the label as "medium," which became part of the basis of the bargain that it would conform to its affirmations and promises.

46. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

47. This duty is based on Defendant's outsized role in the market for this type of Product, the most trusted brand of detergent.

48. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

49. Plaintiff provided or provides notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's warranties.

50. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

51. The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

52. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because it was marketed as if it could be used to do 64 loads of laundry at normal load size, not small loads, described on the label as "medium."

53. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because she expected that it could be used to do 64 loads of laundry at normal load size, not small loads, described on the label as "medium," and she relied on Defendant's skill and judgment to select or furnish such a suitable product.

## Unjust Enrichment

54. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Awarding monetary, statutory and/or punitive damages and interest;

3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

4. Other and further relief as the Court deems just and proper.

Dated:   November 25, 2022

9

        Respectfully submitted,

        /s/ Spencer Sheehan

Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com

James Chung Law Office
43-22 216th St
Bayside NY 11361
(718) 461-8808
Jchung_77@msn.com